Opinion op the Court,
by Ch. J. Boyle.
AT the November term, 1819, of the Gallatin circuit court, Prior obtained a judgment against Bernard for a little upwards of $600; and Prior, being much indebted, and about to remove from this state, gave an order to Winslow, bearing date the 18th of November, 1819, directing the clerk .to endorse the judgment for the benefit of Winslow; but he was in fac.t entitled to only $200, and was to receive the balance as the agent and trustee of Prior. On the 19th of November, Bernard and Prior came to an agreement, whereby Bernard was to dismiss some suits which he had depending against Prior, and the latter was to credit the judg* ment for $300, and for two small notes which Bernard held of Prior’s, and an,y other notes which he might purchase on Prior, and to stay all further proceedings upon the judgment; and a written memorandum, expressive of this agreement, was signed by both parties, and addressed to Winslow. On the 10th of December following, an execution was issued upon the judgment, to stay proceedings upon which, Bernard filed his bill, with injunction, in which, after stating the preceding facts, he alleges that he had purchased up two notes upon Winslow, for $200, which Winslow had signified his willingness to accept in satisfaction of his interest in the judgment, and that he had also purchased notes upon Prior, to the amount of the balance of the judgment; and he exhibits the notes with assignments thereon to himself, bearing date the 11th of January, 1820.
Prior, in his answer, admits, the agreement between him and Bernard, and does net controvert the justice of the debts purchased on him by Bernard, or the fact of his having purchased them;.but he alleges that on the 20th of November, 1819, he had drawn an order in favor of Porter and Young, on Winslow, for $11 93 1-2, payable out of the judgment, which Winslow on the same day accepted, and this he insists was fo be first satisfied, before the other debts purchased by Bernard,
*15 Pending the suit, Winslow acknowledged that he had received his part of the judgment from Bernard, and that he had no further claim upon the judgment.
On a final hearing, the circuit court dissolved the injunction as to $71 93 1-2, the amount of Porter and Young’s claim, and dismissed the bill with costs and damages, and from that decree Bernard has prosecuted this writ of error.
The sole question is, whether Bernard’s claim to have the notes which he purchased upon Prior set-off against the judgment, ought to be preferred to the claim of Porter and Young to have their demand satisfied out of the j udgment. It is contended, as the order in favor of Por.ter and Young was drawn and áccepted prior to the purchase by Bernard of the debts upon Prior,' that the former should be preferred. It is certainly true, that priority in time gives the advantage in right, as between persons whose equity is equal; but we cannot admit that the equity of Porter and Young is prior to that of Bernard. If, indeed, as seems to have been thought by the court below, Bernard’s equity was to be tested by the date of the assignment to him -of the notes upon Prior, the equity of Porter and Young Avould, no doubt, be prior to that of Bernard; but Bernard’s equity cannot, Ave think, be fairly tested by that date. It is true, that until he made the purchase of those debts his equity was not consummated; but his right to make the purchase originated in the agreement with Prior, and when ixe had made the purchase, as he did, in pursuance of that right, his equity became complete, and had relation to the date of the agreement,. Avhich was prior to the order in favor of Porter and Young.
The decree must be reversed with costs, and the cause remanded, that the injunction may be made perpetual with costs.